IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

UNITED STATES OF AMERICA,       )
                                )
          v.                    )
                                )
                                )
ARTHUR DEJUAN CRAWLEY,          )       1:14CR197-1
                                )
          Defendant.            )
                                )

MEMORANDUM OPINION AND ORDER

BEATY, District Judge.

This matter is before the Court on Defendant Arthur Dejuan Crawley's Motion to Dismiss [Doc. #10], filed on April 15, 2015. Defendant argues that his Sixth Amendment right to a speedy trial, his right to due process under the Fifth Amendment, and Rule 48(b) of the Federal Rules of Civil Procedure in conjunction with the Court's supervisory powers, justify the dismissal of his Indictment. The Court held a hearing on the Motion on May 5, 2015. At the conclusion of the hearing, the Court denied Defendant's Motion to Dismiss. This Order confirms and provides additional detail supporting the pronounced Order of the Court.

I.    BACKGROUND

On May 27, 2014, a grand jury returned a one-count Indictment charging Defendant with possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). An arrest warrant was issued in connection to the Indictment. It is alleged that the actions resulting in the Indictment occurred on October 13, 2013. On October 31, 2013, however, at the time of Defendant's arrest by the Durham, North Carolina Police Department based on

those actions, Defendant had an outstanding warrant in Brooklyn, New York for a parole violation. As a result, Defendant was transferred to New York to serve his term in New York state prison for his parole violation.

On June 23, 2014, Defendant was notified by the New York Department of Corrections that a detainer was lodged against him based on the arrest warrant issued in relation to the Indictment. Defendant asserts that on June 24, 2014, he sent letters to United States Attorney Ripley Rand and this Court asking for appointment of counsel, but he did not receive a response. On October 31, 2014, after Defendant completed his sentence in New York for his parole violation, Defendant was arrested based on the Indictment at issue in this case. On that same day, Defendant had his initial appearance before a Magistrate Judge in the Northern District of New York. At that time, he requested and was granted appointment of counsel for purposes of his initial appearance in New York. During his initial appearance, Defendant waived his Rule 5(c)(3) rights, including his right to an identity hearing, preliminary hearing, and detention hearing in that district.

Defendant alleges that on December 3, 2014, he was transferred to the Orange County Detention Center in North Carolina. The Government asserts that it was notified on December 22, 2014, by the United States Marshals that Defendant was in the Middle District of North Carolina. At that time, the Government asserts that it provided notice to the Clerk of Court's Office of Defendant's arrival. The Government, however, asserts that by some error Defendant was not placed on the Court's calendar in this district until March 19, 2015. On March 19, 2015, Defendant appeared before Magistrate Judge Joi E. Peake. At that time, the Magistrate Judge

2

recognized the delay in bringing the Defendant before the Court and directed the Clerk's Office to undertake additional measures to ensure that the Court is promptly notified of individuals who are transferred into the district.

II.     DISCUSSION

Defendant has now filed a Motion to Dismiss his Indictment based on the delay explained above. In his Motion, Defendant argues that the delay entitles him to dismissal pursuant to: (1) his Sixth Amendment right to a speedy trial; (2) his right to due process under the Fifth Amendment; and (3) Rule 48(b) of the Federal Rules of Criminal Procedure and the Court's supervisory powers. These three arguments will be addressed in turn.

   A.     Sixth Amendment Speedy Trial Right

Defendant first argues that, while his rights under the Speedy Trial Act, 18 U.S.C. § 3161 et. seq., were not technically violated, Defendant's right to a speedy trial pursuant to the Sixth Amendment of the Constitution was violated due to the delay between Defendant's initial appearance in the Northern District of New York and his arraignment in the Middle District of North Carolina. In response, the Government argues that the factors used to evaluate a defendant's speedy trial claim do not weight in favor of dismissal.

Pursuant to the Sixth Amendment, defendants "shall enjoy the right to a speedy and public trial." U.S. Const. amend. VI. These protections are triggered by "arrest, indictment, or other official accusation[.]" Doggett v. United States, 505 U.S. 647, 655, 112 S. Ct. 2686, 120 L. Ed. 2d 520 (1992). In analyzing a defendant's speedy trial argument, a court is to look at the following four factors: "whether delay before trial was uncommonly long, whether the

3

government or the criminal defendant is more to blame for that delay, whether, in due course, the defendant asserted his right to a speedy trial, and whether he suffered prejudice as the delay's result." Id. at 651 (citing Barker v. Wingo, 407 U.S. 514, 530, 92 S. Ct. 2182, 33 L. Ed. 2d 101 (1972)).

The first factor, however, has two parts. First, a court must determine whether the time between "accusation and trail has crossed the threshold dividing ordinary from 'presumptively prejudicial' delay[.]" Id. 650–51 (citing Barker, 470 U.S. at 530–31). If the defendant makes this showing, the court must then look at "the extent to which the delay stretches beyond the bare minimum needed to trigger judicial examination of the claim." Id. at 651 (citing Barker, 470 U.S. at 533–34). A delay approaching one year is considered presumptively prejudicial. United States v. Hall, 551 F.3d 257, 271 (4th Cir. 2009).

In this instance, the Indictment, which is the official accusation in this matter, was returned against Defendant on May 27, 2014. Defendant is currently scheduled for the Court's May trial calendar, which begins on May 11, 2015. Accordingly, less than one year will have passed prior to Defendant being tried on the accusations contained in the Indictment. While this time period certainly approaches a year, it is worth noting that from at least May 27, 2014 through October 31, 2014, Defendant was in the custody of the state of New York. Nonetheless, because the time period between the Indictment being filed and Defendant's trial will approach a year, the Court finds that based on Fourth Circuit case law, the time period is presumptively prejudicial requiring a review of the remaining factors. See United States v. Woolfolk, 399 F.3d 590, 597 (4th Cir. 2005) (finding a seven month delay in a non-complex case

4

Case 1:14-cr-00197-JAB   Document 12   Filed 05/13/15   Page 4 of 10

to be presumptively prejudicial). The Court, however, notes that despite finding that the delay is presumptively prejudicial, the delay only barely qualifies for a review of the remaining factors.

The second factor looks at who is at fault for the delay, which is also examined in the context of the reasons for the delay. See Hall, 551 F.3d at 272 (stating that the second factor of Barker to be examined is the reasons for the trial delay). Courts should characterize the reasons for the delay "as either valid, improper, or neutral." Id. The intent of the prosecution should be the focus of this inquiry. Id. In this instance, there are three different delays to examine. First, the delay between May 27, 2014, and October 31, 2014 was a valid delay, as Defendant was currently in the custody of the State of New York. See United States v. Thomas, 55 F.3d 144, 150 (4th Cir. 1995) (finding that the need to allow the defendant to be prosecuted by the state without the federal government's interference was a valid reason for delay). Accordingly, the Government could not initiate the court proceedings against him at that time.

Second, the reasons for delay between October, 31, 2014, and December 3, 2014, can be characterized as neutral. There is no evidence or assertion from Defendant that during this time the Government was attempting to delay his prosecution. Additionally, there is no assertion that a time period of just over one month is an inordinate or lengthy time period to transfer a defendant between districts.

Third, the reason for the delay between December 3, 2014 and March 19, 2015, when Defendant appeared for his arraignment in this district, appears again to be a neutral reason. While the Court notes, as did the Magistrate Judge, that additional precautions need to be implemented between the United States Attorney's Office and the Clerk's Office in order to

5

ensure that the Court is promptly notified of a defendant's arrival in this district, it does not appear that it was the Government's intent to delay Defendant's prosecution. Instead, based on the representations and exhibits presented by the Government, the delay was a result of a communication breakdown. (See Email [Doc. #11-5].) Accordingly, this portion of the delay was also based on a neutral reason. Thus, while the Government may be more to blame than Defendant for the delay, because the reasons for the delay are either valid or neutral, this factor does not weigh in Defendant's favor. See Hall, 551 F.3d at 272–73 (not weighing the second factor in the defendant's favor when all reasons for the delay were neutral and were not the result of the government's misconduct or bad intent).

The third factor looks to whether Defendant has asserted his right to a speedy trial. In circumstances where a defendant does assert his right, such assertion "is entitled to strong evidentiary weight in determining whether [he] is being deprived of the right." Barker, 407 U.S. at 531–32. There is no question that Defendant is now and previously timely asserted his right to a speedy trial by way of his Motion to Dismiss. Accordingly, this factor weighs in Defendant's favor.

The fourth and final factor, examines the prejudice that has resulted due to the delay. The following three different interests of a defendant are to be examined with respect to this factor: "(1) whether there was an oppressive pretrial incarceration; (2) the anxiety and concern suffered by the accused; and (3) the possibility that the defense was impaired." Hall, 551 F.3d at 272. The last interest is the most serious, "because the inability of a defendant adequately to prepare his case skews the fairness of the entire system." Barker, 407 U.S. at 532. The Court

6

should first note, that as to prejudice, Defendant only states that the four and a half months spent in federal custody prior to being appointed counsel and being brought before a court in this district is "*de facto* prejudicial." In support of this assertion, Defendant cites Barker, which states that "[t]he time in jail awaiting trial has a detrimental impact on the individual." 407 U.S. at 532. While the Court does not disagree that the additional time Defendant has spent in incarceration prior to trial is unfortunate, such a period of time is not "*de facto* prejudicial" or oppressive. Furthermore, only the period of incarceration between December 3, 2014, through the time he was arraigned is time that Defendant may not have otherwise served. Prior to that time Defendant was either in the State of New York's custody or in the process of being transferred to this district. This is far from the 10 month period of incarceration referred to in Barker. As to the other remaining two interests, Defendant does not allege that he has suffered any anxiety or concern or allege that his defense was impaired. There is no allegation that any witness or evidence is now unavailable as a result of the delay or that any exculpatory evidence was lost. Accordingly, the Court finds that taking all of the three interests into account in examining the alleged prejudice to the Defendant, the prejudice factor does not weigh in Defendant's favor.

After a review of the factors, the Court finds that Defendant's Sixth Amendment right to a speedy trial was not violated. The delay was presumptively prejudicial, but it did not stretch much beyond that needed to trigger the examination of the remaining factors. Furthermore, while Defendant has now asserted his right to a speedy trial, the delay was not the result of the Government's misconduct or bad intent. Instead, the reasons for delay were either valid or
7

should first note, that as to prejudice, Defendant only states that the four and a half months spent in federal custody prior to being appointed counsel and being brought before a court in this district is "*de facto* prejudicial." In support of this assertion, Defendant cites Barker, which states that "[t]he time in jail awaiting trial has a detrimental impact on the individual." 407 U.S. at 532. While the Court does not disagree that the additional time Defendant has spent in incarceration prior to trial is unfortunate, such a period of time is not "*de facto* prejudicial" or oppressive. Furthermore, only the period of incarceration between December 3, 2014, through the time he was arraigned is time that Defendant may not have otherwise served. Prior to that time Defendant was either in the State of New York's custody or in the process of being transferred to this district. This is far from the 10 month period of incarceration referred to in Barker. As to the other remaining two interests, Defendant does not allege that he has suffered any anxiety or concern or allege that his defense was impaired. There is no allegation that any witness or evidence is now unavailable as a result of the delay or that any exculpatory evidence was lost. Accordingly, the Court finds that taking all of the three interests into account in examining the alleged prejudice to the Defendant, the prejudice factor does not weigh in Defendant's favor.

After a review of the factors, the Court finds that Defendant's Sixth Amendment right to a speedy trial was not violated. The delay was presumptively prejudicial, but it did not stretch much beyond that needed to trigger the examination of the remaining factors. Furthermore, while Defendant has now asserted his right to a speedy trial, the delay was not the result of the Government's misconduct or bad intent. Instead, the reasons for delay were either valid or

neutral.  Finally, as to prejudice, Defendant has not asserted any claim that he was prejudiced by the delay, other than his claim that spending an additional four months incarcerated prior to arraignment was "*de facto* prejudicial."  This alleged prejudice, however, even in conjunction with Defendant's assertion of his speedy trial rights and the minor delay, is not sufficient to establish that the Government has violated Defendant's Sixth Amendment right to a speedy trial.  See Hall, 551 F.3d 257 (finding that a general assertion of prejudice from pretrial incarceration and anxiety, in conjunction with a two-year delay and assertion of their rights, did not establish that the defendants' constitutional right to a speedy trial was violated).  Accordingly, the Court will deny Defendant's Motion to Dismiss based on his Sixth Amendment argument.

      B.      Fifth Amendment Due Process

After asserting that his Sixth Amendment right to a speedy trial was violated, Defendant next, argues that his Fifth Amendment right to due process was violated.  A defendant may invoke his Fifth Amendment right to due process both before and after indictment.  United States v. Moore, 116 Fed. App'x 421, 422 (4th Cir. 2004) (citing Doggett, 505 U.S. at 655).  To establish that such right has been violated by a delay in a defendant's trial, however, a defendant must show that he has suffered actual substantial prejudice, and that the reasons for the delay do not justify such prejudice.  Id.; see also United States v. Grimmond, 137 F.3d 823, 827 n.1 (4th Cir. 1998) (stating that a defendant cannot invoke his Fifth Amendment right to due process without establishing that the delay caused him actual prejudice in presenting his defense).  As the Court found above, Defendant has not shown actual prejudice in the presentation of his defense, as he has not shown that any evidence or witness is now unavailable

8

or lost due to the delay. Instead, Defendant only asserts that he has suffered "*de facto* prejudice" as a result of being incarcerated during the four months between December 3, 2014 and March 19, 2015, without counsel. Such an assertion does not establish the actual prejudice required to find that Defendant's right to due process has been violated. Thus, the Court will deny Defendant's Motion to Dismiss based on Defendant's Fifth Amendment due process argument.

    C.    Rule 48(b)

Finally, Defendant's Motion briefly asserts that, should the Court not be inclined to find that the Government has violated Defendant's constitutional rights, the Court should use its supervisory powers and Rule 48(b) of the Federal Rules of Criminal Procedure to dismiss the Indictment in this case. The decision to dismiss an indictment pursuant to Rule 48(b) "is committed to the sound discretion of the district court." United States v. Loe, 586 F.2d 1015, 1019 (4th Cir. 1978). Rule 48(b) provides in part that a court "may dismiss an indictment, information, or complaint if unnecessary delay occurs in . . . bringing a defendant to trial." Fed. R. Crim. P. 48(b). While Rule 48(b) may be used to dismiss an indictment on constitutional grounds, the rule "also restates the court's inherent power to dismiss an indictment for lack of prosecution where the delay is not of a constitutional magnitude." United States v. Goodson, 204 F. 3d 508, 513 (4th Cir. 2000). If a court were to dismiss an indictment pursuant to Rule 48(b) for unnecessary delay, such a dismissal may only be with prejudice upon the defendant's showing of prejudice or a substantial threat thereof. Id. at 515.

First, the Court notes that, as stated above, Defendant has not shown any actual prejudice. Defendant has only stated that he was prejudiced by the additional four months of

9

incarceration, during which he was without counsel. The Fourth Circuit has found that such prejudice is insufficient to dismiss an indictment with prejudice pursuant to Rule 48(b) or pursuant to a court's inherent powers. Id. at 515–16. Second, this is not a situation where the Court finds it proper to invoke its supervisory powers or use Rule 48(b) to dismiss the Defendant's Indictment even without prejudice. As stated above, there has been no constitutional violation. Additionally, any delay that has resulted was based on a breakdown of communication between the United States Attorney's Office and the Clerk's Office, and it was not the result of any bad faith or ill intent on the Government's behalf. Accordingly, the Court will deny Defendant's Motion to Dismiss the Indictment based on Defendant's Rule 48(b) and supervisory powers argument.

III. CONCLUSION

Defendant has failed to establish that the Government violated either his Sixth Amendment right to a speedy trial or his right to due process under the Fifth Amendment. Furthermore, the Court declines to use its own supervisory powers or Rule 48(b) to dismiss the Indictment. Accordingly, the Court denies Defendant's Motion to Dismiss.

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss [Doc. #10] is DENIED.

This the 13th day of May, 2015.

_____
United States District Judge